IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SALVADOR P. RENTERIA, III, D.O.,                05-CV-392-BR

        Plaintiff,                            OPINION AND ORDER

v.

J. RODRIGO OYARZUN, M.D. and
GOOD SAMARITAN REGIONAL MEDICAL
CENTER,

        Defendants.


FERNANDO V. HERNANDEZ
Hernandez Law Firm
46 South First Street
San Jose, CA  95113-2406
(408) 280-5800

        Attorney for Plaintiff

ROBERT M. KEATING
MOLLY K. MARCUM
DEVON ZASTROW NEWMAN
Keating Jones Bildstein & Hughes, P.C.
One S.W. Columbia
Suite 800
Portland, OR  97258-2095
(503) 222-9955

        Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Petition for Attorney's Fees (#100).  For the reasons that follow, the Court **GRANTS** Defendants' Petition and awards attorneys' fees to Defendants in the amount of **$3,563.20**.

## BACKGROUND

On August 28, 2006, the Court granted Defendants' Motion for Sanctions for Plaintiff's failure to comply with the Court's Order regarding Defendants' Motion to Compel and awarded Defendants reasonable attorneys' fees.

On September 8, 2006, Defendants filed a Petition for Attorneys' Fees seeking $4,454.00 in attorneys' fees.

## STANDARDS

Generally the Ninth Circuit has adopted a lodestar/multi-plier approach for assessing the amount of reasonable attorneys' fees.  *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993).  Here, however, the Court is assessing attorneys' fees against Plaintiff pursuant to Federal Rule of Civil Procedure 37(b)(2), which provides in pertinent part:  "[T]he court shall require the party failing to obey [a Court] order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure."  Accordingly, the Court looks to the lodestar factors only for

guidance when deciding the amount of attorneys' fees arising from Plaintiff's failure to comply with the Court's Order regarding Defendants' Motion to Compel.

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (citation omitted).

To determine the lodestar, the court may consider the following factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances;(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

3 - OPINION AND ORDER

## DISCUSSION

Defendants seek attorneys' fees in the amount of $4,454.00. To support their Petition, Defendants submitted the Affidavit of Molly K. Marcum together with a Statement of Attorney's Fees and Costs that itemizes hours.

Plaintiff does not object to the rates requested for Marcum or Devon Zastrow Newman.  Plaintiff objects, however, to the amount of time that Defendants allegedly spent in preparing both the Motion to Compel and the Motion for Sanctions.  Even though Plaintiff does not identify any specific entries to which he objects, the Court has an independent duty to review Defendants' Petition for reasonableness.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

The Court notes the rates requested by both Marcum and Newman comport with the rates reported in the most recent Oregon State Bar Economic Survey adjusted for inflation.  Accordingly, the Court concludes the rates of $160 per hour for Marcum and $125 per hour for Newman are reasonable.

In their Petition, Defendants assert Marcum and Newman spent nearly 29 hours researching, drafting, and conferring about the relatively straightforward Motion to Compel and the Motion for Sanctions:  24.40 hours by Marcum and 4.40 hours by Newman. After reviewing the record, the Court concludes the hours claimed

by Defendants are excessive and, accordingly, reduces the number of hours by twenty percent.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendants' Petition for Attorneys' Fees and **AWARDS** attorneys' fees to Defendants in the amount of **$3,563.20**.

IT IS SO ORDERED.

DATED this 22nd day of November, 2006.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER